

# NUMBERS 13-25-00367-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DARREN JOSEPH DIAZ,                                         **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

## ON APPEAL FROM THE 319TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Darren Joseph Diaz was charged with assault-family violence by impeding breath or circulation, a third-degree felony. *See* TEX. PENAL CODE § 22.02(b)(2)(B). After appellant pleaded guilty in 2022, the trial court deferred adjudication and placed him on five years' community supervision. The State moved to revoke appellant's probation on February 8, 2023, alleging in part that he tested positive

for methamphetamines. The trial court denied the motion to revoke but ordered appellant to undergo inpatient substance abuse treatment. The State filed a second motion to revoke on March 5, 2025, alleging that appellant violated various probation conditions, including failing to submit to drug and alcohol testing and counseling, failing to pay supervision fees, and failing to report to his probation officer. The State also filed new criminal charges against appellant. At a hearing, appellant pleaded "true" to all but one of the alleged violations and agreed to the revocation in exchange for the State agreeing to dismiss the newly-filed charges with prejudice. The trial court then adjudicated appellant guilty of the underlying family violence offense and sentenced him to seven years' imprisonment.

Appellant's court-appointed appellate counsel has filed a brief with this Court stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.

## I. *ANDERS* BRIEF

Counsel states in his brief that he has diligently reviewed the entire record and that "the record contains no reversible error and no jurisdictional defects." *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

2

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and motion to withdraw; (2) provided appellant with copies of these pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found no arguable reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed

a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw.

Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgment to appellant, and to advise him of his right to file a petition for discretionary review, within five days of the date of this memorandum opinion.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

#### IV. CONCLUSION

The trial court's judgment is affirmed.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
18th day of December, 2025.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.